IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEXTER ALLEN, ET AL.                                                          PLAINTIFFS

VS.                                                    CIVIL ACTION NO.: 3:08CV669-DPJ-JCS

KUHLMAN CORPORATION, ET AL.                                          DEFENDANTS

ORDER

This toxic tort case is before the Court on Plaintiffs' motion to remand [11]. In their memorandum, Plaintiffs contend that the presence of two Illinois Plaintiffs and one Illinois Defendant destroys complete diversity. Defendants argue that the Illinois Plaintiffs were improperly joined and urge the Court to sever the non-diverse Plaintiffs, remand their claims, and retain jurisdiction over the claims of the other diverse Plaintiffs. Having fully considered the parties' submissions and the relevant authorities, the Court finds that Plaintiffs' motion should be granted.

I.     **Facts and Procedural History**

In this case, thirty-nine individual Plaintiffs join personal injury claims against a commercial transformer manufacturer, its parent company, and contractual indemnitor. Two of the plaintiffs are citizens of Illinois where Defendant Kuhlman Corporation ("Kuhlman") has its principal place of business. On October 28, 2008, Defendants filed their notice of removal to this Court, alleging that the Illinois Plaintiffs were fraudulently misjoined to defeat diversity. Defendants do not challenge the amount in controversy requirement of 18 U.S.C. § 1332. Plaintiffs have moved to remand the action to state court.

**II. Analysis**

    A.    <u>Fraudulent Misjoinder Standard</u>

The concept of "fraudulent misjoinder" or "egregious misjoinder" was first recognized by the United States Court of Appeals for the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). The theory has been adopted in the federal courts for the Northern and Southern Districts of Mississippi. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (finding district court erred by failing to consider fraudulent misjoinder); *Nsight Tech., LLC v. Fed. Ins. Co.*, No. 3:09-cv-6-WHB-LRA, 2009 WL 1106868, at *2 (S.D. Miss. Apr. 23, 2009); *Cooper v. AIG Claim Servs., Inc.*, Civil Action No. 1:08-CV-168-SA-JAD, 2009 WL 279101, at *2 (N.D. Miss. Feb. 5, 2009); *Palermo v. Letourneau Tech., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008). Under the doctrine, the Court will not retain jurisdiction unless the removing party demonstrates that joinder is "egregious" or "grossly improper." *Cooper*, 2009 WL 279101 at *2.

When ruling on fraudulent misjoinder, courts apply "'essentially the same standard that applies to fraudulent joinder'" and employ state joinder rules. *Nsight Tech.*, 2009 WL 1106868 at *2 (quoting *Palermo*, 542 F. Supp. 2d at 523). Accordingly, remand is proper if "[t]here is a reasonable possibility that [a Mississippi] court would find that" Plaintiffs' are properly joined under Rule 20 of the Mississippi Rules of Civil Procedure. *Botler v. Pleko SE. Corp.*, Civil Action No. 3:06CV128LN, 2006 WL 1364387, at *2 (S.D. Miss. May 16, 2006) (quoting *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956, 972 (S.D. Ind. 1999)). As the court in *Palermo* explained,

> [T]his standard is compatible with the use of the state procedural rule to determine the issue of fraudulent misjoinder. . . . As long as there is a reasonable possibility that the state court would find joinder proper, the plaintiff's right to a state forum prevails, but if there is no reasonable possibility that the state court would find joinder proper, the defendant is entitled to removal and severance. Under this standard, the lack of a reasonable possibility that the state court would allow the joinder renders the claims or parties "fraudulently misjoined."

542 F. Supp. 2d at 523-24.

### B. Fraudulent Misjoinder Analysis

Mississippi Rule of Civil Procedure 20(a) provides in relevant part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

Both prongs of this standard must be satisfied for joinder to be proper. *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1207 (Miss. 2005). Under Mississippi law, in order for claims to arise out of the same transaction or occurrence, there must be a "distinct litigable event linking the parties." *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007) (quoting *Caldwell*, 905 So. 2d at 1208)). To determine whether there is a "distinct litigable event," courts consider

> whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. *If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs*; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character, and occur close in time and/or place.

*Illinois Cent. R.R. v. Gregory*, 912 So. 2d 829, 834-35 (Miss. 2005) (emphasis added).

The Court finds that there is a "reasonable possibility" that a Mississippi court would find joinder proper in this case. *See, e.g., Alexander v. Kuhlman Corp.*, Civil Action No. 3:08cv668TSL-LRA at 1 (S.D. Miss. June 26, 2009) (remanding case under similar circumstances); *see also* Special Master's Report and Recommendation, *Kellum et. al. v. Kuhlman Corp. et. al*, Civil Action Nos. 2001-313 through -324, Circuit Court of Copiah County, Mississippi, Exh. "A" to Plaintiffs' Reply [25] at 3 (finding joinder proper under similar circumstances).[1]

**IV.     Conclusion**

Based on the foregoing, the Court cannot conclude that there is no reasonable possibility that a Mississippi court would find joinder proper in this case. *Palermo*, 542 F. Supp. 2d at 523. Therefore, Plaintiffs' Motion to Remand is granted. This case is remanded to the Circuit Court of Copiah County, Mississippi. Finally, Plaintiffs' request for attorney's fees and costs is denied as Defendant's motion satisfied Rule 11 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 31th day of July, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court ultimately finds that a Mississippi court *could* find joinder proper, the Court expresses no opinion whether a court *should* find joinder proper in this case.